(56 Misc. Rep. 118.)

### In re HICKEY.

(Supreme Court, Special Term, New York County. October 9, 1907.)

MUNICIPAL CORPORATIONS—POLICE OFFICERS — PENSION ROLL — REMOVAL — GROUNDS.

One exercising rights of citizenship for upwards of 21 years, and discharging the duties of a police officer for 16 years, until retired and pensioned for disability, cannot be summarily removed from the pension roll on the ground of fraud in the proceedings for his naturalization, committed by others without his knowledge.

Mandamus, on the application of John J. Hickey, praying for his restoration to the pension roll of the police department of the city of New York. Granted.

Theron Davis, for petitioner.
Francis K. Pendleton, for respondent.

FORD, J. Relator exercised the rights and performed the duties of citizenship for upwards of 21 years. For more than 16 years he was a member of the police force de facto, faithfully discharging his duties until retired and pensioned on account of disability incurred in the service. He regularly contributed to the pension fund a portion of his salary, presumably in the honest belief that by so doing he was acquiring in it a vested interest. He had actually commenced to draw his pension before it was discovered that his original naturalization papers were procured for him in 1885 by fraud practiced upon the court by other persons, without knowledge or intent on his part. This is unquestioned in the papers before me. Upon discovery, in 1907, of the illegality of his naturalization, may the police commissioner, as trustee of the police pension fund, summarily cut off his pension and thus deprive him of the benefits of that fund and the fruits of his long and faithful service? The law will not strain her vision, peering into the remote past to discover irregularity in an act which ever since has been the source of a multitude of other acts now inextricably interwoven in the fabric of civic life. If relator is not held to have been a policeman during his 16 years of service, then every arrest he made and every act he did during that period were illegal. The seriousness of the consequences which might flow from such a ruling is obvious.

The application for a peremptory writ of mandamus to restore him to the pension roll should be granted.